**MEEKER COOPERATIVE LIGHT & POW-
ER ASS'N v. PHILLIPS et al.**

**RENVILLE–SIBLEY COOPERATIVE POW-
ER ASS'N v. WALLING.**

Nos. 13364, 13365.

Circuit Court of Appeals, Eighth Circuit.

Dec. 17, 1946.

Leo J. Lauerman, of Olivia, Minn.
(Lauerman & Pfeiffer, of Olivia, Minn.,
Patrick J. Casey, of Litchfield, Minn., and
Harold Levander, of South St. Paul, Minn.,
on the brief), for appellants.

Morton Liftin, Asst. Sol. U. S. Dept. of
Labor, of Washington, D. C. (William S.
Tyson, Sol., of Washington, D. C., James
M. Miller, Regional Atty., of Minneapolis,
Minn., and Miss Helen Grundstein, of
Washington, D. C., Atty., U. S. Dept. of La-
bor, on the brief), for appellee L. Metcalfe
Walling, Administrator, etc.

Samuel I. Sigal, of Minneapolis, Minn.,
for appellee George P. Phillips, as Agent,
etc.

Before GARDNER, WOODROUGH,
and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

The question presented in both of the cases in which these appeals have been taken is whether or not the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., applied to the employees of the Cooperative Light and Power Associations, appellants. On the trial of the two cases together without a jury the court found from the evidence and concluded that the employees were engaged both in interstate commerce and in the production of goods for commerce within the meaning of the Act, and judgments were entered against the associations for overtime pay, costs and attorneys' fees to the employees, and injunction issued in favor of Walling, Administrator. The opinion of the trial court is reported 63 F.Supp. 733. It is conceded here that the judgments were in proper form if the Act was applicable but appellants contend that it was not.

There was no substantial conflict in the evidence which established the organization, objects, powers and business of the cooperatives and the duties and detailed activities of the employees, all of which are clearly and accurately set forth in the findings and accompanying opinion of the trial court. The inferences, the course of reasoning and the precedents leading to the court's conclusions are also stated in that opinion, and we need only to discuss the points relied on by appellants for reversal of the judgments.

▪ 1. Their first point is that the cooperatives are not "public utilities" and that the trial court erroneously assumed them to be public utilities and reached erroneous conclusions from that assumption. They cite Garkane Power Co. v. Public Service Commission, 98 Utah 466, 100 P.2d 571, 132 A.L.R. 1490, to the effect that the cooperative in that case was not a "public utility" within the jurisdiction of the Utah Public Service Commission limited by the Utah statute to "public utilities." But consideration of the trial court's findings, conclusions and opinion convinces that the trial court correctly appraised the nature and activities of the co-operatives in relation to the question in the case and that this contention of appellants may not be sustained.

▪ 2. It is contended under the second, third and fourth points that neither the business carried on by the office employees nor the work done by the outside employees of the co-operatives amounts to their being engaged in the production of goods for commerce within the meaning of the Act, but we think the contentions are met and answered correctly in the opinion of the trial court. We approve all of that opinion declaring and discussing the conclusion that the employees were shown to be engaged in the production of goods for commerce.

But in the subdivision of the opinion marked 6, 7 II (63 F.Supp. at pages 740, 741) following the court's demonstration from the evidence that "The office employees are an integral part of the business of the cooperative" "Necessary to the fulfillment of the cooperative's contract to furnish electrical energy to their consumers and the maintenance of a business organization which continuously supplies the electrical power which produces goods for commerce", the trial court, following the words on the sixth line from the bottom of page 740 of 63 F.Supp. "But, moreover", added a further conclusion that "These office employees are themselves engaged in commerce." The trial court's discussion in support of that conclusion appears in the subsequent part of the subdivision of the opinion. Inasmuch as we are satisfied that the trial court was without error in concluding that the Act was applicable to the employees because they were shown to be engaged in the production of goods for commerce and approve the reasoning of the trial court leading to that conclusion, we think it unnecessary on this appeal to pass upon the trial court's further conclusion that "the employees were themselves engaged in commerce" and we do not adopt the described part of the trial court's opinion which announces and discusses that conclusion.

▪ 3. Under the fifth point, it is argued that the employees are exempted from the requirements of the Act by the provi-

700

sions of Section 13(a) (1) and (2) of the Fair Labor Standards Act because the appellants are each a local retail and service establishment. We are in accord with the reasoning and conclusion of the trial court to the contrary.

■ 4. We have also carefully considered appellants' argument based upon the exemption provided by Section 13(a) (6) of the Act for employees employed in agriculture. It is answered correctly by the trial court and in accord with our decision in Walling v. Friend, 8 Cir., 156 F.2d 429, that the appellants and their employees do not come within the exemption.

As we find no error in the judgments appealed from, they are affirmed.